# Atchley & Delgado, llp
### attorneys at law
1819 E. Southern Ave, Suite A-10
Mesa, Arizona 85204
(480) 497-5009
Fax (480) 497-5029
mark@arizonabk.com

Mark R. Atchley  21419
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In re : <br><br> Arther Carr, <br><br>   Debtor. | CHAPTER 13 No. 2:09-bk-16114-RTB <br><br> OBJECTION TO MOTION FOR RELIEF FROM STAY. |
| HSBC Bank USA N.A., as Trustee for WFASC Home Equity Asset-Backed Certificates, Series 2007-1, <br><br>   Movant, <br> v. <br><br> Arther Carr, Debtor; Russell A. Brown, Trustee, <br><br>   Respondents. | |

**COMES NOW THE ABOVE-NAMED DEBTOR**, pursuant to Section 362 of Title 11 of the United States Code, Section 1301 of Title 11 of the United States Code, and hereby files this objection to the motion for relief from stay filed in this case.  The debtor also denies for the purposes of this response that the Movant has established sufficient legal grounds to justify the entry of an order granting it relief from the automatic stay.

1

## Allegations in the Motion for Relief from Stay

1.  As to the allegations in paragraphs 1, 2 & 3 of the motion, it is admitted that Debtor filed the petition under 13, that Russell Brown is the Trustee, that Debtor owns the property alleged, that Debtor executed a Note and Deed of Trust.  Debtor is unaware as to whether the exhibits attached to the motion are true and correct copies.  Debtor denies that Movant is a valid assignee of the Deed of Trust.

2.  As to the allegations in paragraph 4, Debtor denies that Movant has a secured interest in the property and a valid secured claim against the Debtor.

3.  As to the allegations in paragraph 5, Debtor admits that he has missed payments on the Note, but denies that post-petition payments include filing fees and attorney fees as alleged.

4.  As to the allegations in paragraph 6, Debtor denies that he is indebted to HSBC Bank USA, National Association, as Trustee fo WFASC Home Equity Asset-Backed Certificates, Series 2007-1.  Debtor was originally indebted to Wells Fargo Bank, N.A., but he is unsure as to who currently holds and owns the note.

## ALTERNATIVE AFFIRMATIVE DEFENSES

**1.  DEFECTIVE ASSIGNMENT**.  There is no proof of a continuous chain of assignments from the originator of the deed of trust to the Movant.

**2.  HOLDER OF THE NOTE**.  The Movant does not lawfully own and/or hold the subject mortgage note by endorsement, delivery and acceptance or otherwise and was not the owner and lawful holder of the subject note on the date this motion for relief from stay was filed with this Court.   Movant has therefore failed to establish that it is the real party in interest or that it has legal standing to pursue this motion for relief from stay.

**3.    COMPLETE LACK OF STANDING**.  There is no valid endorsement of the note (corrective or otherwise) that is attached to the motion for relief from stay or that has been filed by the Movant as a supplement thereto that establishes that the Movant owned the mortgage or owned or held the subject promissory note either prior to or at the time it filed the motion for relief.

Debtor will show that the following relief is appropriate:

The automatic stay remains in force and effect regarding the indebtedness at issue and the subject property.

WHEREFORE Debtor prays that the Court deny Movant's Motion, and that the Court order that the automatic stay remain in effect, and that such stay be conditioned as indicated above.

RESPECTFULLY SUBMITTED this 9th day of November, 2009.

ATCHLEY & DELGADO, LLP

_/s/ mra 21419_
Mark R. Atchley, Esq.
Attorney for Debtor/Respondent

Copies of the foregoing mailed on November 9, 2009, to:

Mark S. Bosco
TIFFANY & BOSCO, PA
2525 East Camelback Rd, Third Floor
Phoenix, AZ  85016

Russell A. Brown, Trustee
SUITE 800
3838 N Central Ave
Phoenix, AZ  85012-1965

_Brandon Larson_
by: Brandon Larson